**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250

BRADLEY H. SCHLEIER, ESQ.  #011696
Email: brad@schleierlaw.com
TOD F. SCHLEIER, ESQ.  #004612
Email: tod@schleierlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Kostial, a single woman, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| AETNA Life Insurance Company, claims/plan administrator and plan fiduciary, | |
| Defendants. | |

Plaintiff Ashley Kostial, for her Complaint against Defendant Aetna Life Insurance Company and underwritten by Aetna Life Insurance Company of Hartford, Connecticut (known as "AETNA") and Long Term Disability Plan for SAP America, Inc., (known as "SAP") an ERISA benefit plan. This is an action for disability benefits and to redress violations of Employer Retirement Income Security Act of 1974, as amended (hereinafter "ERISA") claim procedure requirements and breach of fiduciary duty pursuant to 29 U.S.C. §1001 *et seq*.

-1-

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §1132(e), (f) and 28 U.S.C. §1331.

2. Venue is proper under 29 U.S.C. §1132(e). The Plan is administered in the District of Arizona, and the breach occurred where Plaintiff resides, which is in Maricopa County, State of Arizona.

## PARTIES

3. Plaintiff Ashley Kostial is a single woman and resides in Maricopa County, Arizona.

4. Plaintiff Ashley Kostial was an employee of SAP from 2014 until 2020. Plaintiff Ashley Kostial was a "participant" under the Short Term Disability ("STD") and Long Term Disability ("LTD") Plans through AETNA under SAP's Long Term Disability Benefit Plan for its employees and as defined in 29 U.S.C. §1002.

5. The Short Term and Long Term Disability Benefit Plan for employees of SAP, (hereinafter the "Plan") is an ERISA benefit established and maintained by SAP for the benefit of its employees.

6. As an employee of SAP, Plaintiff was covered under the Plan.

7. Defendant AETNA is an "employee welfare benefit plan" as defined in 29 U.S.C. §1002(1) as it was established by SAP for the purpose of providing its participants or their beneficiaries a medical benefit. The STD and LTD Plan's provide disability benefits to eligible employees of SAP.

8. Upon information and belief, Defendant AETNA is the Plan Administrator and is a fiduciary with respect to the STD and LTD Plans within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A).

9. Defendant AETNA has its principal place of business in Hartford, Connecticut, with the disability appeal team in Lexington, Kentucky.

10. Defendant AETNA is authorized, and is conducting business in Maricopa County, Arizona and is found in Maricopa County within the meaning of the jurisdiction and venue provisions of ERISA, 29 U.S.C. §11132 and 28 U.S.C. §1391.

11. Defendant AETNA has a duty to administer the STD and LTD Plans prudently and in the best interests of all Plan participants and beneficiaries.

12. At the time Plaintiff sought STD and LTD benefits under the Plans, Defendant AETNA administered claims made by SAP employees, acted on behalf of the Plan and acted as an agent of SAP the Plan to make final decisions regarding payment of STD and/or LTD benefits under the Plan.

**FACTUAL BACKGROUND**

13. Plaintiff was hired by SAP in Pittsburgh in 2014. Plaintiff moved from Pittsburgh to Phoenix in August 2018 and continued to be employed by SAP.

14. Plaintiff was a Customer Engagement Executive, with customers in the West Territory. Plaintiff's job duties included travel and meeting and entertaining customers.

15. On May 23, 2019, Plaintiff attended a business meeting with a customer in Plano, Texas.

16. That evening, Plaintiff, along with some other SAP employees and customer representatives, went to dinner and eventually stopped at a hotel bar before going to her room.

17. After leaving the bar, Plaintiff was sexually assaulted in her hotel room.

18. The next morning, May 24, 2019, Plaintiff awoke in her hotel room, grabbed her belongings, some of which had been ripped, and headed to the airport, where she was late

for the next day's flight to another customer in San Diego. While on her way to the airport, and at the airport, Plaintiff realized she had been sexually assaulted the night before.

19. Immediately upon reaching Phoenix, Plaintiff contacted the Phoenix Police Department and Plano Police Department to report the sexual assault.

20. Plaintiff also contacted Human Resources at SAP to report the sexual assault and was unable to ever return to work at SAP due to Plaintiff's injuries.

21. Plaintiff sought medical and psychological care immediately following the sexual assault and has been diagnosed with Post Traumatic Stress Disorder ("PTSD"). Plaintiff has been prescribed medication since immediately after the sexual assault, and which continues today.

22. On or about June 26, 2019, one of Plaintiff's treating physicians placed her on medical leave. Plaintiff has been unable to return to work since the assault and is still continuing her medical treatment.

23. Plaintiff submitted an application for STD after which some benefits were provided to Plaintiff.

24. On or about November 18, 2019, Defendant Aetna was sent an email from Sedgwick forwarding Plaintiff's application for LTD benefits based upon SAP's policy that the LTD carrier will assist insureds once the STD period ends.

25. In November 2019, one of Plaintiff's medical providers (not the treating psychologist) received a call from an AETNA representative who informed the medical provider that Plaintiff's symptoms "should clear themselves up in 4-6 weeks." This medical provider was not treating Plaintiff for PTSD (the medical issue that is the basis of her disability claim).

26. On or about November 24, 2019, AETNA denied Plaintiff's request for LTD allegedly due to a lack of clinical examination findings.

27. On or about January 30, 2020, Plaintiff appealed the denial of the LTD benefits. In that appeal letter, Plaintiff explained the need for disability benefits was due to Post Traumatic Stress Disorder following a sexual assault, and not a diagnosis of Attention Deficit/Hyperactivity Disorder. Plaintiff's letter explained before the sexual assault, she was able to work a full time job and do all of her normal daily activities; however, after the sexual assault, she was unable to work and impaired her ability to perform normal everyday tasks. Following the sexual assault, Plaintiff experienced depression, fear and anxiety, sleep disturbances and significant weight loss. All of these symptoms were manifestations of PTSD.

28. On various dates, Plaintiff's treating psychologist provided records, a report and answered questions from an AETNA claims adjuster indicating the treatment provided and all reasons why Plaintiff was unable to return to work or find a new job. The evidence and legal authority provided by Plaintiff clearly supported the award of LTD benefits.

29. On or about April 16, 2020, AETNA upheld the determination to deny benefits to Plaintiff.

30. At no time did Defendant AETNA, or its designee, conduct a psychological examination of Plaintiff.  The denial of benefits was made based on erroneous information as to the reason for the denial of benefits.

## COUNT ONE
### (Recovery of LTD Plan Benefits)
### (Defendant AETNA)

31. Plaintiff realleges all the allegations fully set forth above.

32. The LTD Plans are Employee Welfare Benefit Plans as defined in ERISA, 29 U.S.C. §1002.

33. The Plan represents LTD and a promise to provide such benefits until Plaintiff is no longer disabled under the terms of the Plan.

34. Plaintiff has been unable to perform the material duties of any occupation, and therefore is properly considered disabled under the definition of the LTD Plan.

35. Plaintiff has made a claim for LTD under the Plan to which she is entitled, and for which she paid premiums for such Plan.

36. Plaintiff's symptoms and diagnosis of PTSD due to sexual assault is reasonably expected to meet the requirements of disabled under the LTD definitions, and she should receive full benefits under the Plan for the maximum benefit period, 24 months.

37. Defendant AETNA denied coverage of LTD to Plaintiff.

38. Defendant AETNA's conduct was arbitrary, capricious, an abuse of discretion, is not supported by the evidence, and is clearly erroneous.

39. Instead of evaluating a participant's eligibility based on the medical evidence, AETNA apparently had decided that Plaintiff's symptoms should resolve in less than two months, made a claims decision based solely on a diagnosis which was not the result of the sexual assault and refused to recognize the diagnosis of PTSD as the diagnosis from the treating psychologist for the medical leave and necessity of LTD.

40. Defendant AETNA wrongfully denied Plaintiff's LTD benefit without providing a true explanation for its denials, which violates 29 U.S.C. §1109 and 1132.

41. Defendant AETNA did not properly consider all of the available evidence and legal authority and failed to conduct a medical examination of Plaintiff when evaluating Plaintiff's claim for benefits. Defendant AETNA failed to conduct a full and fair evaluation and review.

42. Defendant AETNA failed to properly consider the medical opinions of Plaintiff's treating physicians.

43.     In denying Plaintiff's LTD benefits, Defendant AETNA completely disregarded evidence as to the true nature of the need for LTD benefits and the diagnosis and prognosis from her treating psychologist.

44.     Upon information and belief, Defendant AETNA used an in-house reviewer in evaluating the LTD applications for benefits, and failed to recognize different treatment from two different providers.  Defendant AETNA further used an in-house appeal team in evaluating the appeal of denials of benefits.  Such reviewer and appeal team arbitrarily came to an opinion that was based on an improper diagnosis, failed to accept the diagnosis of PTSD from Plaintiff's treating psychologist, failed to conduct a sufficient investigation and performed no medical examination of Plaintiff. Defendant AETNA failed to provide any medical information delineating why Plaintiff was not disabled.

45.     Defendant AETNA acted to serve its own financial best interest. Plaintiff is entitled to discovery regarding the procedural irregularities, AETNA's reviewing and appeal team's process, and motivation to deny Plaintiff's application for LTD benefits.

46.     Pursuant to the coverage provided in the Plan, ERISA 29 U.S.C. §1132(a) and to applicable federal law, Plaintiff is entitled to recover all benefits under the terms of the LTD Plans and to enforce all rights under such Plan.

47.     Pursuant to 29 U.S.C. §1132(g), Plaintiff is entitled to recover attorneys' fees and costs incurred herein.

**COUNT TWO**

**(Breach of Fiduciary Duty)**

**(Defendant AETNA)**

48.     Plaintiff realleges all the allegations fully set forth above.

49.     Defendant AETNA is a fiduciary and owes a fiduciary duty to Plan participants, including Plaintiff, under 29 U.S.C. §1132(a)(3).

50. Under 29 U.S.C. §1104(a), Defendant AETNA is are required to discharge its duties with the care, skill, prudence and diligence under the circumstances that a prudent man acting in like capacity and familiar with such matters would use under 29 U.S.C. §1104(a).

51. Under ERISA, which is founded in trust principles, Defendant AETNA is required to administer claims in the best interests of beneficiaries and participants as part of its fiduciary duty.

52. In multiple ways, Defendant AETNA breached its fiduciary duties to Plaintiff pursuant to 29 U.S.C. §1132(a)(3).

53. Defendant AETNA's arbitrary and capricious handling of Plaintiff's applications, claims, and appeals constitute a breach of fiduciary duty as AETNA discharged imprudently and caused harm to Plaintiff.

54. Plaintiff believes Defendant AETNA's employees are trained in administering and reviewing appeals in the best interest of AETNA, not the Plan participants. Defendant AETNA's failure to act prudently and in the best interest of Plaintiff is a breach of fiduciary duty requiring appropriate relief.

55. Upon information and belief, Defendant AETNA breached its fiduciary duty to Plaintiff by denying LTD benefits in an effort to avoid its own financial liability.

56. The Court can mandate that Defendant AETNA inform Plaintiff of what she needs to provide to perfect her appeal.

57. The Court can mandate that Defendant AETNA inform Plaintiff of its reason for rejecting the credible and substantial evidence provided by her treating providers.

58. Defendant AETNA was unjustly enriched as a result of its breach of fiduciary duty violations, because it wrongfully withheld Plaintiff's benefits for its own profit.

59. Defendant AETNA acted with malice and in bad faith against Plaintiff, which constitutes a violation of its fiduciary obligations.

60. ERISA "does not elsewhere adequately remedy" the injuries caused to Plaintiff by Defendant AETNA's breach of fiduciary duty violations.

61. As a direct and proximate cause of the breaches of fiduciary duty, Plaintiff suffered actual, significant financial harm and has incurred financial expense.

62. To the extent that Defendant AETNA's denial of benefits caused Plaintiff harm unrecoverable under 29 U.S.C. §1132(a)(1)(B), then such harm is recoverable under 29 U.S.C. §1132(a)(3), which provides for payment of benefits owed to date and into the future for as long as Plaintiff remains disabled, and other equitable relief including prejudgment interest.

63. Plaintiff is entitled to prejudgment interest for LTD benefits to which Plaintiff is entitled and on all other damages at the highest legal rate until paid.

**WHEREFORE**, Plaintiff requests the Court for an entry of Judgment against Defendant AETNA as follows:

1. All past STD and/or LTD benefits under the term of the LTD Plan to Plaintiff from the date of her injury to the present;

2. Clarifying and determining Plaintiff's rights to future benefits under the terms of the Plan;

3. All other benefits which Plaintiff may be entitled under the LTD Plan due to Plaintiff's disability into the future;

4. An award of pre-judgment interest;

5. An award of attorneys' fees;

6. Costs of suit; All other equitable relief that is proper as a result of Defendant AETNA's breach of fiduciary duties; and

7. For such other relief as this Court deems just and proper.

DATED this 3rd day of November 2020.

SCHLEIER LAW OFFICES, P.C.

 /s/ Bradley H. Schleier
Bradley H. Schleier
Attorney for Plaintiff